495 P.2d 369

STATE of New Mexico ex rel. Minnie JOHN-SON, on behalf of herself and her legal ward, Courtney Dickson, and all others similarly situated, Petitioners-Appellants,

v.

Ben C. HERNANDEZ et al., Respondents-Appellees.

No. 9373.

Supreme Court of New Mexico.

March 24, 1972.

Richard C. Bosson, Albuquerque, Steve Elias, New York City, for petitioners-appellants.

David L. Norvell, Atty. Gen., Robert J. Laughlin, Agency Asst. Atty. Gen., Santa Fe, for respondents-appellees.

OPINION

McMANUS, Justice.

Appellants, Minnie Johnson and her legal ward, Courtney Dickson, petitioned the District Court, County of Santa Fè, on behalf of themselves and those similarly situated for a writ of mandamus against appellees, the Health and Social Services Board of Directors and the Director of the Service, to compel them to perform acts which appellants claim were mandatory under the laws of New Mexico and the United States Constitution. After a hearing before the court without a jury, the court ordered appellants' alternative writ dismissed and appellees, Board and Director, discharged. This appeal followed.

It appears that prior to August 1, 1970, Courtney Dickson was eligible for and receiving general assistance from the New Mexico Department of Health and Social Services through his aforesaid legal guardian and payee, Minnie Johnson, in the amount of $28.00 per month. These payments were made under the authority of the New Mexico Public Welfare Act, § 13-1-4(a), N.M.S.A. (1953 Comp.), reading as follows:

"The state department shall be charged with the administration of all the welfare activities of the state as hereinafter provided, except as otherwise

provided for by law. The state department shall:

"(a) Administer old age assistance, aid to dependent children, assistance to the needy blind and otherwise handicapped, and general relief."

It is under the specific words "general relief" that the appellant grounds her claim, alleging that the term "shall" makes it mandatory that public assistance be provided for Courtney Dickson. See also, §§ 13–1–11 and 13–1–26, N.M.S.A. (1953 Comp.).

The general assistance phase was terminated effective July 1, 1970, on the basis that appropriations made by the 29th Legislature of New Mexico did not allow the department to fund any public assistance programs other than those federally assisted programs operated in cooperation with the United States Government. The assistance program, the subject of this case, was 100% state funded prior to its termination. Chapter 89, p. 343, New Mexico Laws of 1970, reflects the following as concerns the appropriation for the Department of Health and Social Services:

"DEPARTMENT OF HEALTH AND SOCIAL SERVICES:

| | General Fund | Other State Funds | Federal Funds | Total |
|---|---|---|---|---|
| (1) Environmental health (including air and water pollution control) | $ 484,671 | | $ 242,921 | |
| (2) Public assistance and medical assistance | 13,177,905 | | 38,792,473 | |
| (3) Other salaries and operating expenses | 5,587,424 | $ 1,281,705 | 8,112,131 | |
| Subtotal | | | | $67,679,230" |

The above portion of chapter 89, supra, gives no indication whatsoever as to the use of the state funds in conjunction with federal or any other funds.

■ There appears no justification for the appellees' position in the briefs, transcript or at the oral argument. Consequently, this Court is left with a prodigious situation. There is a complete lack of evidence to support the appellees' position. In fact, at the close of the appellants' case in the lower court, the following colloquy is reflected in the record:

"THE COURT: Do you have any evidence to present?

"MRS. SOUTHERLAND: No, your Honor."

A presentation of evidence to support appellees' position would have been appropriate at this time. We would point out that counsel for appellees on appeal did not appear in the trial court.

■ The question presented to us is a narrow one, and our decision is no broader. We express no opinion as to the scope or nature of acts required by Board of Health and Social Services in complying with its statutory duty, seemingly enjoined upon it by § 13–1–4, supra, to "administer" the act in question; the nature and extent of the "public assistance" mentioned in § 13–1–11, supra, or the "aid" to dependent children referred to in § 13–1–26, supra. Resolution of such question is not before us, and may well require further proceedings. However, appellants having stated that they seek no retroactive payments of money, if payments are ultimately required they should not relate to periods prior to the mandate in this appeal.

The case is reversed. It is so ordered.

OMAN and STEPHENSON, JJ., concur.