513 P.2d 184

**NEW MEXICO HEALTH AND SOCIAL SERVICES DEPARTMENT, Petitioner,**

v.

**Ossie CHAVEZ, Respondent.**

**No. 9692.**

Supreme Court of New Mexico.

Aug. 10, 1973.

David L. Norvell, Atty. Gen., James G. Huber, Agency Asst. Atty. Gen., Santa Fe, for petitioner.

Joseph T. Sprague, Michael B. Browde, Charles T. DuMars, Albuquerque, for respondent.

## OPINION

MARTINEZ, Justice.

This case arose by way of an administrative hearing before the Health and Social Services Department. Mrs. Ossie Chavez, a 47-year-old diabetic with advanced heart disease was terminated from financial and medical assistance by the Department. Her reapplication for aid was denied and from that denial she appealed. The administrative appeal was denied and from that decision she perfected an appeal to the court of appeals. The court of appeals, 84 N.M. 734, 507 P.2d 795, reversed the Department and declared Mrs. Chavez eligible for public assistance. The Department moved for rehearing in the court of appeals and that motion was denied. The Department then petitioned this Court for review by way of certiorari, alleging that the decision of the court of appeals was of such substantial public importance that it necessitated review by this Court. A writ of certiorari was issued on March 28, 1973.

The court of appeals found Mrs. Chavez to be eligible for public assistance by deducting from her income her medical expenses to arrive at a figure below the standard of need established by the Department. In so doing, the court has created a new category of persons eligible for such assistance. Since all such programs must be created and funded by legislative

448

enactment, it is obvious to this Court that there cannot be available funding for such a program spontaneously created by court interpretation of existing legislation. The courts must be extremely careful in making such an interpretation, for in so doing, they indeed open up a Pandora's box. This Court cannot agree with the interpretation of § 13–1–11, N.M.S.A., 1953.

However, whatever may have been the public importance of this case at the time of the decision, that importance has been seriously eroded by the repeal of the statutes on which the decision was based and the supercession thereof by a new statutory framework. In its 1973 legislative session, the New Mexico Legislature passed Senate Bill 374, Laws of New Mexico 1973, Ch. 376, which repeals and supercedes § 13–1–11, supra. The obvious result, of course, is that § 13–1–11, which the court of appeals interpreted in this case is no longer the law within this jurisdiction. With the repeal of § 13–1–11 and the substitution of Senate Bill 374, it can hardly be said that a dispute as to the interpretation of the repealed § 13–1–11 is of such "substantial public importance" as to warrant this Court's review.

In a companion Bill to SB 374, the 1973 session of the New Mexico Legislature, at the behest of the Department, enacted a medically needy health care program, and funded it. Laws of New Mexico 1973, Ch. 311. Given the present existence of a medically needy health care program in this State, it is hard to comprehend how the question of whether the court of appeals' construction of § 13–1–11 required the implementation of such a program rises to the level of "substantial public importance" as to require this Court's review. With the repeal of § 13–1–11 and the enactment of the medically needy health care program, the result of this Court reviewing this action will have little impact on the State of New Mexico.

■ The current mootness of the court of appeals' statutory construction of the language "decency and health" is evident, from a cursory comparison of prior law with current law. § 13–1–11, N.M.S.A. 1953 Comp. (repealed) provided:

Public assistance *shall* be granted under this act to any needy person who:

(a) Has not sufficient income or other resources to provide a reasonable subsistence compatible with *decency and health*. (Emphasis added)

The new law provides only:

A. Consistent with the federal act and subject to the availability of federal and state funds, the boards shall adopt a standard of need which shall *establish a reasonable level of subsistence*. (Emphasis added)

Laws of New Mexico 1973, Chapter 376, § 3. Furthermore, it is evident that the problem of aid to the critical needy, to which Chavez v. New Mexico Health and Social Services Department addressed itself, has also been rendered moot by the enactment of the Laws of New Mexico 1973, Ch. 311. Mrs. Chavez' medical condition is such that " . . . without this medication Mrs. Chavez will either become very ill or die." Current law clearly covers her in providing:

The board shall by regulation establish a program to provide essential medical care for aged, blind or disabled persons not eligible for public assistance under the Public Assistance Act and who have a serious medical condition which *will as a reasonable medical probability lead to death in the near future*. (Emphasis added)

Laws of New Mexico 1973, Ch. 311, § 3. These bills were signed into law by Governor Bruce King and are currently in force and effect.

■ When the petition for writ of certiorari was filed in this Court, Laws of New Mexico 1973, Chapter 376 had not yet been enacted into law. Therefore, certiorari was not improvidently granted at such time as it was granted. However, the supervening legislation makes the question moot as to further examination. This

Court will not determine abstract questions of law which do not rest on existing facts or rights. Henriquez v. Schall, 68 N.M. 86, 358 P.2d 1001 (1961).

In view of the foregoing, this Court will not disturb the findings of the court of appeals.

It is so ordered.

McMANUS, C. J., and OMAN, STEPHENSON and MONTOYA, JJ., concur.