540 P.2d 1308

**Modesto GARCIA, Appellant,**

v.

**HEALTH AND SOCIAL SERVICES DEPARTMENT of the State of New Mexico, Appellee.**

CONSOLIDATED WITH

**Rosemary SEALE, Appellant,**

v.

**HEALTH AND SOCIAL SERVICES DEPARTMENT of the State of New Mexico, Appellee.**

**Nos. 1774, 1918.**

Court of Appeals of New Mexico.

July 16, 1975.

Rehearing Denied July 28, 1975.

Certiorari Granted Aug. 27, 1975.

Joseph F. Canepa, Gary J. Martone, Albuquerque, for appellants.

Toney Anaya, Atty. Gen., James G. Huber, Agency Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

LOPEZ, Judge.

These consolidated cases appeal decisions and orders of the director of the New Mexico Health and Social Services Department (HSSD) terminating general assistance (GA) after six months of benefit payments. We reverse.

New Mexico has a comprehensive scheme of public assistance known as the Public Assistance Act. See § 13–17–1, N. M.S.A. 1953 (Repl.Vol. 3, Supp.1973), for enumeration of subchapters and sections. This act provides, among other things, for assistance to needy, disabled persons, whether that disability is permanent or temporary.

Aid to the permanently disabled was initially provided under § 13–17–7, supra. Aid to the permanently disabled was taken over in January 1974, by the federal program known as Supplemental Security Income for Aged, Blind and Disabled (SSI). See 42 U.S.C.A. §§ 1381 to 1383. The federal statute defines a permanent disability as one which lasts not less than twelve months. 42 U.S.C.A. § 1382c(a)(3)(A).

Those temporarily disabled persons who are also needy qualify for GA under § 13–17–10, supra. There is no question in either of these appeals that the petitioners are temporarily disabled and needy.

The combined effect of sections 13–17–7 and 13–17–10, supra, and SSI would seem to be to create at least *some* provision for all needy, disabled people in New Mexico. But HSSD has, by regulation, provided that " . . . [i]n cases of temporarily disabled needy persons . . . cash assistance will be limited to a period of no more than six months in any twelve (12) month period." HSSD Regulation No. 240.2. This restriction of assistance has the effect of creating a "gap", a six month period in which a needy, disabled person may not receive any cash assistance under any available program. See, § 13–17–11(A), supra.

One whose disability lasts more than six months, but less than a year, is not eligible for assistance under either SSI or GA. The problem for this court is to see by what authority HSSD may regulate such a "gap" between coverage under SSI and benefits under GA.

■ HSSD argues that it has appropriate regulatory authority under either § 13–17–5 or § 13–17–10, supra. The department does not have unlimited rule-making powers, however. An administrative body being a creature of statute, has only such power and authority as are granted to it by statute. *New Mexico Elec. Serv. Co. v. New Mexico Pub. S. Com'n*, 81 N.M. 683, 472 P.2d 648 (1970); *Vermejo Club v. French*, 43 N.M. 45, 85 P.2d 90 (1938);

*Maxwell Land Grant Co. v. Jones*, 28 N.M. 427, 213 P. 1034 (1923).

■ Section 13–17–10, supra, provides in pertinent part:

"A. Subject to the availability of state funds, public assistance shall be provided under a general assistance program to or on behalf of eligible persons who:
 " . . . . . . .

"(2) are over the age of eighteen [18] and are temporarily disabled, according to regulations of the board, and are not receiving aid to families with dependent children; . . .
 " . . . . . .

"B. . . . The board may by regulation limit the grants that are made to general assistance recipients."

There is no question, under subparagraph (A)(2) that the board could have defined "temporarily disabled" by reasonable regulations. It is not contended that the six month restriction is an attempt by the board to define this term.

The board does argue, rather, that HSSD Regulation No. 240.2 is a reasonable attempt to limit grants under subparagraph (B), for the purpose of efficiently utilizing available state funds pursuant to subparagraph (A).

Section 13–17–5, supra, deals with the realities of limited state funds by providing:

"A. . . . However, if the amount of federal and state funds available for public assistance is insufficient to provide the grants for all eligible persons, the amount of grants to eligible persons may be reduced as necessary.

"B. The board may set individual and family maximum grant levels for each program."

■ The Public Assistance Act must be read as a whole and each part considered in relation to every other part to produce a harmonious whole. *Trujillo v. Romero*, 82 N.M. 301, 481 P.2d 89 (1971). This court will construe statutory language

with a view to determining legislative intent. *State v. McHorse*, 85 N.M. 753, 517 P.2d 75 (Ct.App.1973). But where there is no ambiguity in the language of the statutes, taken as a whole, judicial construction is unnecessary. *Till v. Jones*, 83 N.M. 743, 497 P.2d 745 (Ct.App.1972).

 The legislature has provided a clear answer to HSSD's problem of how to deal with limited funds. It has told the department in exactly which ways HSSD may "limit" funds: by reducing grants under § 13–17–5(A), supra; and by setting maximum grant levels under § 13–17–5(B), supra.. Nowhere in the Act does it appear that HSSD is empowered to otherwise limit the payment of GA benefits. HSSD " . . . is confined to the procedure thus prescribed, and a failure to conform thereto or any substantial departure therefrom vitiates its action. . . ." *Maxwell Land Grant Co. v. Jones*, supra. The meaning is clear and unambiguous, and need not be interpreted by this court. *State v. McHorse*, supra; *Till v. Jones*, supra.

Public assistance programs should be based on an assessment of the risks that are most prevalent in society. It is the mark of a successful society to be able to protect its citizens against the risks of illness, old age, disability, unemployment, birth, death, large families, and other economic pitfalls of life. New Mexico has attempted to set up a comprehensive program designed to shift the burden of these risks to society as a whole, rather than to the individual. General assistance is to be provided to needy persons who are, for some reason, ineligible for aid under any other assistance program. In providing GA to those whose needs could not otherwise be met, the Public Assistance Act mandates that those needs, somehow, *be* met. See, *State ex rel. Johnson v. Hernandez*, 83 N. M. 589, 495 P.2d 369 (1972); see also § 13–17–10(A), supra.

HSSD Regulation No. 240.2 is in conflict with the clear language of § 13–17–5, supra, and is not authorized by any section

of the Public Assistance Act. Accordingly, the decisions of the director in both of these cases are not in accordance with law. Section 13–18–4(F)(3), N.M.S.A.1953 (Repl.Vol. 3, Supp.1973).

The decisions and orders of the director of HSSD are hereby set aside with instructions to continue petitioners on the GA program for the extent of their disability or up to twelve (12) total months, whichever is shorter.

It is so ordered.

SUTIN, J., concur.

HERNANDEZ, J., dissents.

HERNANDEZ, Judge (dissenting).

Even though I can and do sympathize with the tragic predicament of the petitioners, I cannot concur in the decision reached by the majority. I, therefore, respectfully dissent.

To begin with, I believe appellants have failed in this appeal procedurely. A comparison between the record of the administrative hearing on the one hand and appellants' points on appeal on the other reveals that those points were never raised below, and, therefore, they cannot properly be considered here. Rule 13, Rules Governing Appeals. Granted that petitioners' counsel, in closing argument, discussed some of them. However, the arguments of counsel, no matter how eloquent, are not evidence. *Hamilton v. Doty*, 65 N.M. 270, 335 P.2d 1067 (1959); Rule 13, supra. The records before us are void of any exhibit or sworn testimony on the points presently under consideration.

A further indication, and one more compelling for me, that the issues raised by this appeal were not adequately pursued below is the fact that although the Department's regulations specifically provide for hearings to challenge policy under Regulation 275.31, appellants never specified that such was the thrust of their appeal. The regulations contemplate two types of fair hearings. The requests filed by the appel-

lants in these cases clearly fall within the ambit contemplated under Regulation 275.-43. Such hearings are provided for examining the factual basis of the Department's action in a particular case, not the policy which dictates that action.

Secondly, I disagree with the majority's analysis that § 13–17–5(B), supra, establishes the authority of the board to set the limit of general assistance program grants under § 13–17–10(A), supra. § 13–17–5, supra, is a general statute which applies to assistance payments made under the Public Assistance Act, except general assistance program grants. The payments made to petitioners were general assistance program grants. § 13–17–10, supra, subparagraph B specifically establishes the authority of the board as to grants made under that section: " . . . The board may by regulation *limit* the grants that are made to general assistance recipients." [Emphasis mine.] To say that the Public Assistance Act should be read as a whole does nothing to refute the obligation of this court to give effect to the specific statute when it is found to conflict with a general one. *Lopez v. Barreras*, 77 N.M. 52, 419 P.2d 251 (1966). The legislature's reason, for granting the board broader authority under § 37–17–10(B), supra, than under § 37–17–5(B), supra, undoubtedly was that general assistance program grants are made from exclusively State funds.

In my opinion, the legislature, cognizant of the limitation of State funds and also cognizant that the H.S.S.D. has a very difficult responsibility in allocating funds to meet needs which do vary in scope and kind, from time to time, intended by the use of the word "limit" to give the board the authority to restrict grants in amount or duration.

Petitioners on appeal challenge the constitutionality of Regulation 240.2 on the ground that it violates the Equal Protection Clause of the Federal and State Constitutions. The test to be applied in resolving such challenges was set down by the Supreme Court of the United States in *Dandridge v. Williams*, 397 U.S. 471 90 S. Ct. 1153, 25 L.Ed.2d 491, reh. den. 398 U.S. 914, 90 S.Ct. 1684, 26 L.Ed.2d 80 (1970).

> "In the area of economics and social welfare, a State does not violate the Equal Protection Clause merely because the classifications made by its laws are imperfect. If the classification has some 'reasonable basis,' it does not offend the Constitution simply because the classification 'is not made with mathematical nicety or because in practice it results in some inequality.' [Citation Omitted.] 'The problems of government are practical ones and may justify, if they do not require, rough accommodations—illogical, it may be, and unscientific.' [Citation Omitted.] 'A statutory discrimination will not be set aside if any state of facts reasonably may be conceived to justify it.' " [Citation Omitted.]

> . . . . . .

> " . . . [T]he Equal Protection Clause does not require that a State must choose between attacking every aspect of a problem or not attacking the problem at all. [Citation Omitted.] It is enough that the State's action be rationally based and free from invidious discrimination."

Petitioners claim of unconstitutionality is without merit. In my opinion the regulation is "rationally based and free from invidious discrimination."