545 P.2d 1018

**HEALTH & SOCIAL SERVICES DEPARTMENT of the State of New Mexico, Petitioner,**

v.

**Modesto GARCIA, Respondent.**

**HEALTH & SOCIAL SERVICES DEPARTMENT of the State of New Mexico, Petitioner,**

v.

**Rosemary SEALE, Respondent.**

**No. 10594.**

Supreme Court of New Mexico.

Feb. 13, 1976.

Toney Anaya, Atty. Gen., James G. Huber, HSSD Asst. Atty. Gen., Santa Fe, for petitioner.

Gary J. Martone, Joseph F. Canepa, Albuquerque, for respondents.

## OPINION

OMAN, Chief Justice.

These consolidated causes are before us upon a writ of certiorari directed to the New Mexico Court of Appeals, which reversed and set aside decisions and orders of the Director of the Health and Social Services Department of the State of New

Mexico (H.S.S.D.) and instructed the continuation of payments to respondents of benefits under the wholly State funded General Assistance Program until the termination of respondents' respective temporary disabilities or until benefits have been paid to them for a total period of twelve months, whichever shall be the lesser. *Garcia v. Health and Social Services Department*, 88 N.M. 419, 540 P.2d 1308 (Ct. App.1975). We reverse the Court of Appeals and order that it affirm the decisions and orders of the Director.

In accordance with an agreement of the parties and an order of dismissal of one of the two issues initially presented to the Court of Appeals, the only issue finally presented to and decided by that court was: "whether the six-month limitation on General Assistance benefits in H.S.S.D. Manual Regulation 240.2 is legal."

This regulation, which was adopted by the Health and Social Services Board and which has since been amended, read in pertinent part:

> "General Assistance cash payments are limited to payments \* \* \* (2) to temporarily disabled needy persons with no minor dependents. In cases of temporarily disabled needy persons with no dependent children cash assistance will be limited to a period of no more than six months in any twelve (12) month period."

There is no doubt that each of the respondents received general assistance benefits at the established rate for a period of six months during a twelve month period, as provided in Regulation 240.2, supra, and was terminated pursuant to the clearly stated limitation on benefits as provided in the regulation. As shown by the foregoing stated issue presented to the Court of Appeals, and as shown by the record on the hearings before the administrative agency, we are not concerned with the correctness of the resolution of any issue of fact. We are concerned only with the question of the

authority of the Health and Social Services Board to adopt Regulation 240.2, supra.

■ By this regulation, the Board determined that a certain monthly amount—not here in question—would be payable to temporarily disabled persons with no dependent children during the period of disability, but not to exceed six months during any twelve month period. Upon the basis of its construction of §§ 13–17–5 and –10, N. M.S.A. 1953 (Supp.1975), the Court of Appeals concluded that H.S.S.D. must continue to pay the respondents "for the extent of their disability or up to twelve (12) total months, whichever is shorter." Obviously this would impose upon H.S.S.D. additional financial burdens for which it might not have legislatively appropriated funds. In its brief before us, H.S.S.D. says it lacks funds to finance a program which would impose upon it such a burden, but this does not so appear in the record properly before us. However, there is nothing in the record to demonstrate that funds are available, or that the Health and Social Services Board in adopting Regulation 240.2, supra, did not act properly and within its legislative authority. One attacking a legislative regulation or regulatory scheme has the burden of demonstrating the invalidity thereof. *Condor Operating Company v. Sawhill*, 514 F.2d 351 (Em. App.), cert. denied, 421 U.S. 976, 95 S.Ct. 1975, 44 L.Ed.2d 467 (1975); *Grubbs v. Butz*, 169 U.S.App.D.C. 82, 514 F.2d 1323 (1975); *United States v. Boyd*, 491 F.2d 1163 (9th Cir. 1973); *Ralphs Grocery Co. v. Reimel*, 69 Cal.2d 172, 70 Cal.Rptr. 407, 444 P.2d 79 (1968); *Moore v. District Court In & For City & Cty. of Denver*, Colo., 518 P.2d 948 (1974); *Hohnke v. Commonwealth*, 451 S.W.2d 162 (Ky. 1970); *Commonwealth Edison Co. v. Pollution Control Bd.*, 25 Ill.App.3d 271, 323 N.E.2d 84 (1974); *Cooper River Convalescent Ctr., Inc. v. Dougherty*, 133 N.J.Super. 226, 336 A.2d 35 (1975); *Texas Liquor Control Board v. Attic Club, Inc.*, 457

S.W.2d 41 (Tex.1970), appeal dismissed, 400 U.S. 986, 91 S.Ct. 459, 27 L.Ed.2d 435 (1971); 1 K. Davis, Administrative Law Treatise, § 5.03 (1958).

■ We again state that courts must be extremely careful in creating programs which must be funded by legislative appropriations. *New Mexico Health & Social Services Dept. v. Chavez,* 85 N.M. 447, 513 P.2d 184 (1973).

Respondents have sought to raise in their briefs before the Court of Appeals and in their brief before this court constitutional objections to Regulation 240.2, supra. However, the constitutional issues they sought to raise in the Court of Appeals were not properly raised and were not considered by that court, except that reference was made to one of them in the dissenting opinion. The claim respondents seek to raise in this court is that Regulation 240.2, supra, offends against the equal protection clauses of the State and Federal constitutions in that it creates the following two classes which are treated unequally: (1) temporarily disabled and needy persons who come within the regulation, but who have received cash assistance for six months of a twelve month period; and (2) temporarily disabled and needy persons who come within the regulation, but who have not yet received cash assistance for six months of a twelve month period.

■ That is, they claim temporarily disabled and needy persons can be treated equally under the law only by receiving cash assistance during the entirety of their temporary disability, and they apparently claim temporary disability may last up to but not exceeding twelve months. As we view Regulation 240.2, supra, it treats all temporarily disabled and needy persons exactly the same. Equal protection does not require but one classification based solely upon the length of time a temporary disability is suffered, and does not prohibit a single classification related to the availability of funds and a time period less than the entire period of the temporary disability, so long as the classification treats all

who fall therein equally. Thus, we would hold against the respondents on this question even if it were properly before us.

■ The majority of the panel of the Court of Appeals has decided to place a limitation upon the period of payments for temporary disability. It would fix the maximum period, during which a temporarily disabled and needy person could receive benefits, at twelve months rather than six months, even though the temporary disability might extend beyond twelve months, just as it might extend beyond six months. The majority's apparent justification for substituting its judgment for that of the Health and Social Services Board, without regard to the unavailability of funds with which to make payments during the period of temporary disability for a possible additional six months, is that a temporarily disabled and needy person whose disability and needs exceed twelve months may be eligible under the wholly federally funded Supplemental Security Income Program as provided in 42 U.S.C. §§ 1381–1383c (Supp. IV, 1974) and particularly in § 1382c(a)(3)(A). A court may not, on appeal, substitute its judgment for that of an administrative body charged with the responsibility of administering a legislatively created program. *Kelly v. Zamarello,* 486 P.2d 906 (Alaska 1971).

■ We fail to understand how the Court of Appeals can reason that §§ 13–17–7 and –10, N.M.S.A.1953 (Supp.1975) and S.S.I. (Supplemental Security Income) "would seem to create at least *some* provision for all needy, disabled people in New Mexico." The clearly expressed purpose of § 13–17–7, supra, was to terminate the payment of public assistance benefits to the permanently and totally disabled as of January 1, 1974. We are not here concerned with total disability or any disability prior to January 1, 1974.

Section 13–17–10, supra, insofar as here pertinent, provides:

"*General assistance program—Qualifications and payments.*—A. Subject to the

availability of state funds, public assistance shall be provided under a general assistance program to or on behalf of eligible persons * * *. B. * * *. The board may by regulation limit the grants that are made to general assistance recipients."

As stated above, there is no evidence that State funds are available to support a program in which the benefits would exceed that established by Regulation 240.2, supra, and clearly the Legislature has granted authority to the Health and Social Services Board to limit grants to recipients. We cannot believe that the limitation contemplated by the Legislature must be confined to a limitation on the amount of the periodic payments and not on the number or length of time such payments are made. Assuming State funds are limited, as we must under the record before us, the regulation which the Court of Appeals sought to impose would result in a reduction of the total amount of benefits payable to all who are temporarily disabled and needy but whose temporary disability does not continue for twelve months. This would, in particular, adversely affect the overall amount of benefits which would be received by those who are disabled and needy for six months or less and eligible for benefits under Regulation 240.2, supra.

We again repeat that courts must be extremely careful in creating programs which must be funded by legislative appropriations. *New Mexico Health & Social Services Dept. v. Chavez,* supra.

The decision of the Court of Appeals is hereby reversed and these causes are remanded to that Court with directions to affirm the decisions and orders of the Director of H.S.S.D.

It is so ordered.

McMANUS, STEPHENSON and MONTOYA, JJ., concur.

SOSA, J., dissenting without opinion.