882 P.2d 541

Tana HOWELL, Janet E. Brown, Catherine Barela, and Others Similarly Situated, Plaintiffs–Appellees,

v.

Richard HEIM, Secretary, Human Services Department, State of New Mexico; William Dunbar, Director, Income Support Division, Human Services Department, State of New Mexico, and New Mexico Human Services Department, Defendants–Appellants.

No. 20490.

Supreme Court of New Mexico.

Sept. 28, 1994.

Richard A. Griscom, Gen. Counsel, Diane Garrity, Asst. Gen. Counsel, Santa Fe, for appellants.

Robert C. Ericson, David C. Marion, Alma Rosa Delgado, Legal Aid Soc. of Albuquerque, Inc., Albuquerque, Clark deSchweinitz, Northern New Mexico Legal Services, Santa Fe, for appellees.

## OPINION

BACA, Justice.

Defendants–Appellants Richard Heim, William Dunbar, and the New Mexico Human Services Department (collectively referred to as the "HSD") appeal from a trial court order in favor of Plaintiffs–Appellees Tana Howell, Janet Brown, Catherine Barela, and other similarly-situated plaintiffs (collectively referred to as the "Plaintiffs"). The trial court concluded that a regulation promulgated by the HSD, Income Support Div., N.M. Human Serv. Dep't Reg. 346 (Dec. 23, 1991) (referred to as "Regulation 346"), which terminated state-funded general assistance disability benefits for several hundred recipients, applied retroactively and violated the due process clause of the New Mexico Constitution. *See* N.M. Const. art. II, § 18. In its order, the trial court permanently en-

joined the HSD from applying and implementing the regulation. On appeal, we decide whether the trial court erred by permanently enjoining HSD from applying and implementing Regulation 346. In deciding this question, we necessarily address four issues: (1) Whether the issues presented by this appeal are moot; (2) whether the HSD had the statutory authority to promulgate Regulation 346; (3) whether Regulation 346 violated the due process clause of the New Mexico Constitution on its face; and (4) whether Regulation 346 violated the due process clause of the New Mexico Constitution when it was applied to the Plaintiffs. We hold that the trial court erred by issuing the permanent injunction and reverse the court's judgment and order.

## I.

Regulation 346 imposed a durational limitation on the receipt of general assistance benefits. The HSD is "charged with the administration of all the welfare activities" for the state of New Mexico, including the administration of assistance to "the needy blind and otherwise handicapped" individuals. NMSA 1978, § 27–1–3 (Repl. Pamp.1992). Pursuant to its duties, the HSD administered a general assistance program, providing "financial aid to persons between the ages of eighteen and sixty-five with either a temporary disability or a permanent disability as defined by the [HSD]." Criteria, N.M. Human Serv. Dep't Reg. 341, 3 N.M. Reg. No. 7, 31 (April 15, 1992); *see also* § 27–2–7(A)(2) (Repl.Pamp.1992). Approximately 1500 individuals received benefits payments under this program.

Prior to the enactment of Regulation 346, receipt of general assistance disability benefits was for an unlimited duration. During the 1991–92 fiscal year, the general assistance program was faced with inadequate legislative funding. In response to a projected budgetary shortfall, the HSD promulgated Regulation 346, which stated in relevant part that

[e]ffective February 1, 1992, assistance provided to individuals receiving General Assistance for the Temporarily Disabled or

... the Permanently Disabled or any combination of the two categories ... will be limited to 12 continuous calendar months. For the purpose of this provision, a month of assistance is defined as any month in which a benefit for that month has been or will be issued. Individuals closed for this reason will be precluded from receipt of assistance ... for a period of 6 calendar months. It will be necessary for an individual to reapply after the period of ineligibility in order for a determination of eligibility to be made.

A public hearing on Regulation 346 was held in Santa Fe, on October 21, 1991. The effective date of Regulation 346 was originally set for November 1, 1991, but was finally set for February 1, 1992. The regulation would adversely affect between 400 and 600 individuals.

On December 23, 1991, the Plaintiffs filed a class action complaint for declaratory and injunctive relief. The Plaintiffs claimed that Regulation 346 "violated the due process clause of Article II, Section 18 of the New Mexico Constitution in arbitrarily acting to terminate desperately needed General Assistance benefits currently received by ... disabled citizens." [1] The Plaintiffs also alleged that Regulation 346 was invalid because it applied retroactively to terminate benefits. The trial court issued a preliminary injunction. The Legislature then appropriated additional money to meet the 1992 fiscal budget, eliminating the projected shortfall.

The case was heard by the trial court on February 21, 1992. The trial court issued its final judgment and order on February 27, 1992. The court concluded that Regulation 346 was a retroactive enactment that violated the Plaintiffs' due process rights. The court permanently enjoined the HSD from applying and implementing Regulation 346, "and from failing to provide monthly General Assistance disability benefits to the [P]laintiffs." On March 13, 1992, the HSD appealed the trial court's judgment and order to this Court.

## II.

On appeal, we address whether the trial court erred by permanently enjoining HSD from applying and implementing Regulation 346. As a threshold matter, we address the Plaintiffs' argument that the issues presented by this case are moot because HSD's exigent budgetary circumstances have passed and because Regulation 346 has been superseded by a different, albeit similar, regulation. The Plaintiffs urge that because the issues are moot, we should decline to address the issues presented by this case and summarily affirm the judgment and order of the district court. We disagree.

"[T]he doctrine of mootness is a limitation upon jurisdiction or decrees in cases where no actual controversy exists." *Mowrer v. Rusk*, 95 N.M. 48, 51, 618 P.2d 886, 889 (1980). In general, a case will be dismissed if the issues have become moot. *Id.* However, as an exception to the general rule, moot issues will be decided if they are issues of "substantial public interest," and "capable of repetition, yet evading review." *Id.* We hold that this exception applies in the instant case. Whether the HSD violated the Plaintiffs' constitutional rights by promulgating a regulation that limited the duration of time that benefits could be received is an issue of constitutional import and, accordingly, one of "substantial public interest." The issue is also one that is "capable of repetition, yet evading review." While the budgetary crisis that prompted the creation of Regulation 346 has passed, similar budgetary shortfalls are likely to occur in the future and will invariably generate the need for similar regulations. In fact, the HSD has already supplanted Regulation 346 with a similar regulation. *See* Limitation of Benefits, N.M. Human Serv. Dep't Reg. 349.3, 3 N.M.Reg. No. 7, 38 (April 15, 1992). Any regulations similar to Regulation 346 will be capable of evading judicial review because a given fiscal year's budgetary shortfall will likely end before the regulation is reviewed by an appellate court. We conclude that review of the issues presented in the instant case is justified, considering that the issues are likely to

---

1. The due process clause of Article II, Section 18 of the New Mexico Constitution states that "[n]o person shall be deprived of life, liberty or property without due process of law."

arise in future cases and, as in the instant case, be capable of evading judicial review.

### III.

 We next address whether the HSD had the statutory authority to promulgate Regulation 346. The authority of an administrative agency "to promulgate rules and regulations must be found in and is limited by statute." *Winston v. New Mexico State Police Bd.,* 80 N.M. 310, 311, 454 P.2d 967, 968 (1969); *cf. Foster v. Board of Dentistry,* 103 N.M. 776, 777, 714 P.2d 580, 581 (1986) (applying the rule that "[w]here rulings by administrative agencies are not in accord with the basic requirements of the statutes relating to those agencies, the decisions of the agencies are void"). The agency's authority is not limited to the express powers granted ·by statute, but also includes those powers that arise from the statutory language by fair and necessary implication. *Winston,* 80 N.M. at 311, 454 P.2d at 968.

The HSD administers the general assistance program, including payment of disability benefits, under the New Mexico Public Assistance Act (the "Act"), NMSA 1978, Sections 27–2–1 to –47 (Repl.Pamp.1992 & Cum. Supp.1994). While no provision of the Act directly addresses how funds should be administered during a budgetary shortfall, the Act does make payment of benefits contingent upon the availability of legislative funds. Section 27–2–7 (Repl.Pamp.1992) states that public assistance shall be provided to eligible persons under the general assistance program "[s]ubject to the availability of state funds." Section 27–2–5(A) (Repl.Pamp.1992) states that "if the amount of federal and state funds available for public assistance is insufficient to provide the grants for all eligible persons, *the amount of grants to eligible persons may be reduced as necessary.*" (Emphasis added.)

This Court has previously interpreted the Act's provisions as giving the HSD discretion

in deciding how to distribute general assistance funds during budgetary shortfalls. In *Garcia v. Health & Social Services Department,* 88 N.M. 419, 540 P.2d 1308 (Ct.App. 1975), *reversed,* 88 N.M. 640, 642–44, 545 P.2d 1018, 1020–22 (1976), the Court of Appeals addressed whether the HSD, confronted by limited funding, had the authority to promulgate a regulation limiting cash assistance to disabled needy persons with no dependents to " 'a period of no more than six months in any twelve (12) month period.' " 88 N.M. at 421, 540 P.2d at 1310. The Court of Appeals held that the regulation was in conflict with statutory language "and [was] not authorized by any section of the Public Assistance Act." *Id.* at ˙422, 540 P.2d at 1311. The Court held that the HSD's methods for confronting a budgetary shortfall were strictly limited by statute. *See id.* The Court held that the HSD could limit the payment of benefits in one of two ways: (1) By reducing the amount of grants to eligible persons under NMSA 1953, Repl.Vol. 3 (Part 1) (1968), Section 13–17–5(A) [2], and (2) by establishing maximum grant levels for individuals and families under NMSA 1953, Repl. Vol. 3 (Part 1) (1968), Section 13–17–5(B).[3] *Id.*

On appeal, this Court reversed the decision of the Court of Appeals. We rejected the Court of Appeals' conclusion that the HSD's methods for distributing benefits when faced with limited funds were strictly limited to the specific methods outlined by statute. Instead, we held that the HSD had the authority to impose durational limits:

> [T]he Legislature has [clearly] granted authority to the Health and Social Services Board to limit grants to recipients [when state funds to support the program are unavailable.] [Furthermore,] [w]e cannot believe that the limitation contemplated by the Legislature must be confined to a limitation on the amount of the periodic payments and not on the number or length of time such payments are made.

---

**2.** Section 13–17–5(A), now codified as § 27–2–5(A), stated that "if the amount of federal and state funds available for public assistance is insufficient to provide the grants for all eligible persons, the amount of grants to eligible persons may be reduced as necessary."

**3.** Section 13–17–5(B), now codified as § 27–2–5(B), stated that the health and social services board "may set individual and family maximum grant levels for each program."

*Health & Social Services Department v. Garcia,* 88 N.M. 640, 644, 545 P.2d 1018, 1022 (1976). After noting that courts must be extremely cautious about creating programs that must be funded by legislative appropriations, we affirmed the HSD's authority to promulgate the regulation limiting cash assistance to disabled persons with no dependent children to six months. *Id.*

■ In the case at bar, we apply the principle from *Garcia* that the HSD has the discretion to decide how to distribute general assistance benefits during times of budgetary shortfalls and may, in its discretion, impose durational limits on receipt of benefits. Although not expressly stated, the Act by implication gives the HSD the authority to impose durational limits on the receipt of benefits by making financial assistance "[s]ubject to the availability of state funds." Furthermore, we will not substitute our judgment for that of the administrative body administering a legislatively created program, *Garcia,* 88 N.M. at 643, 545 P.2d at 1021. The administrative body charged with overseeing the program is highly familiar with the program and is in the best position to decide how the limited state funds should be dispensed. In this case, the HSD might have chosen to address the budget shortfall by reducing the monthly benefit amounts of all 1500 disabled citizens receiving general assistance rather than by eliminating benefits for those individuals who had received benefits for twelve continuous calendar months. However, the HSD, not this Court, is in the best position to know which option will have the least amount of negative impact on the body of individuals receiving general assistance disability benefits. As the United States Supreme Court aptly stated:

> We do not decide today that the ... regulation is wise, that it best fulfills [all] relevant social and economic objectives, ... or that a [better] system could not be devised.... But the intractable economic, social, and even philosophical problems presented by public welfare assistance programs are not the business of this Court. The Constitution may impose certain procedural safeguards upon systems of welfare administration, ... [but this Court is not empowered] to second-guess state offi-

cials charged with the difficult responsibility of allocating limited public welfare funds among the myriad of potential recipients. *Dandridge v. Williams,* 397 U.S. 471, 487, 90 S.Ct. 1153, 1162–63, 25 L.Ed.2d 491 (1970) (citation omitted). We hold that the HSD had the implied authority under the Act to limit the receipt of general assistance to twelve continuous months by enacting Regulation 346.

## IV.

We next address whether Regulation 346 violated the due process clause of the New Mexico Constitution. In essence, the Plaintiffs argue that their substantive due process rights were violated and raise no argument that they were denied procedural due process when the HSD terminated their benefits. The trial court concluded that Regulation 346 violated "the due process clause of Article II, Section 18 of the New Mexico Constitution" because the regulation applied retroactively to adversely affect the Plaintiffs' "property interests in subsistence benefits." The trial court considered Regulation 346 to apply retroactively because the HSD counted months prior to the regulation's enactment when calculating whether a recipient should be terminated from the program after having received benefits for twelve continuous months.

## A.

■ We conclude that Regulation 346 does not violate the due process clause of the New Mexico Constitution on its face. When determining whether a statute or regulation violates due process, we first decide what level of constitutional scrutiny to apply. When government deprives persons of fundamental rights, it must demonstrate that the law promotes a compelling or overriding government interest. John E. Nowak et al., *Constitutional Law,* ch. 13, § IV, at 448 (2d ed. 1983). If no fundamental right is infringed upon, the law need only be rationally related to a legitimate governmental purpose. *See id.* The instant case involves no infringement or deprivation of fundamental rights. "A fundamental right is that which

the Constitution explicitly or implicitly guarantees." *Richardson v. Carnegie Library Restaurant, Inc.*, 107 N.M. 688, 696, 763 P.2d 1153, 1161 (1988). While the right to receive public assistance benefits is important, *Goldberg v. Kelly*, 397 U.S. 254, 262, 90 S.Ct. 1011, 1017–18, 25 L.Ed.2d 287 (1970), such right is a matter of statutory entitlement, *id.*, and is not explicitly or implicitly guaranteed by the New Mexico Constitution. Therefore, the right to receive public assistance payments is not fundamental.

Because the case at bar does not implicate the Plaintiffs' fundamental rights, we must determine whether Regulation 346 is rationally related to a legitimate governmental purpose. In this case, the HSD imposed a durational limit on receipt of general assistance benefits to conserve limited state funds during a budgetary shortfall. This purpose was legitimate because the statutory provisions pertaining to the general assistance program prohibit the program from operating at a deficit. *See* § 27–2–5(A) (stating that the amount of grants may be reduced if federal and state funds are insufficient); § 27–2–7 (mandating that public assistance shall be provided if state funds are available); NMSA 1978, § 27–3–5 (Repl.Pamp.1992) (stating that "[n]othing in the Public Assistance Act ... shall be construed as authorizing or allowing expenditures for the affected programs in excess of the amounts previously appropriated by the legislature for such programs"). The durational limit is rationally related to the HSD's purpose of conserving limited funds because the HSD saved money by eliminating from the general assistance program those individuals who had received twelve consecutive months of benefits. Therefore, Regulation 346 is, on its face, constitutional and does not violate the due process clause of the New Mexico Constitution. *See Osterberg v. State Employees' Retirement Sys.*, 722 F.Supp. 415, 418 (N.D.Ill. 1989) (applying rational basis scrutiny to hold that a legislative enactment denying disability benefits did not violate the Plaintiffs' substantive due process rights).

### B.

■ The trial court found that Regulation 346 violated due process as applied to the Plaintiffs, because the regulation was applied retroactively. The court concluded that Regulation 346 applied retroactively because the HSD included months prior to the regulation's enactment when determining whether an individual should be dis-enrolled from the general assistance program.

■ We do not agree that Regulation 346 was retroactively applied. New Mexico law presumes that statutes and rules apply prospectively absent a clear intention to the contrary. *See Swink v. Fingado*, 115 N.M. 275, 283, 850 P.2d 978, 986 (1993). A statute or regulation is considered retroactive if it impairs vested rights acquired under prior law or requires new obligations, imposes new duties, or affixes new disabilities to past transactions. *Albuquerque v. State ex rel. Village of Los Ranchos de Albuquerque*, 111 N.M. 608, 616, 808 P.2d 58, 66 (Ct.App.1991), *cert. denied*, 113 N.M. 524, 828 P.2d 957 (1992). "However, a statute does not operate retroactively merely because some of the facts or conditions which are relied upon existed prior to the enactment." *Id.* A statute or rule " 'is not retroactively construed when applied to a condition existing on its effective date even though the condition results from events which occurred prior to the date.' " *Philadelphia v. Phillips*, 179 Pa.Super. 87, 116 A.2d 243, 247 (1955) (quoting *Burger v. Unemployment Compensation Bd. of Review*, 168 Pa.Super. 89, 77 A.2d 737, 739 (1951)).

In the instant case, an affected Plaintiff stopped receiving disability payments on or after the date that Regulation 346 was enacted if that Plaintiff had received twelve continuous months of disability payments. While the HSD included in the twelve-month period any consecutive months prior to enactment of Regulation 346 during which the individual had received payments, this use of past facts did not render the application of Regulation 346 retroactive. Regulation 346 operated prospectively by cutting off benefits at a future point in time and the regulation does not apply retroactively simply because past events were considered when determining durational limits for individuals receiving benefits payments. *Albuquerque*, 111 N.M.

at 616, 808 P.2d at 66; *Phillips,* 116 A.2d at 247. In other words, the regulation was not retroactive merely because it utilized the characteristics of a defined group to describe the persons that the statute would affect, even though the defining characteristics arose before the regulation became effective. We hold that the trial court erred by concluding that Regulation 346 applied retroactively and violated the Plaintiffs' due process rights.

### V.

■ In conclusion, we recognize that administration of general assistance benefits "involves the most basic economic needs of impoverished human beings." *See Dandridge,* 397 U.S. at 485, 90 S.Ct. at 1162. We do not take the temporary termination of such benefits lightly. However, State-funded entitlement programs must necessarily operate within the confines of limited budgets. Receipt of funds from the public treasury is not guaranteed and such noncontractual claims generally enjoy no constitutionally protected status. *See Weinberger v. Salfi,* 422 U.S. 749, 772, 95 S.Ct. 2457, 2470, 45 L.Ed.2d 522 (1975).

We hold that the HSD acted within its statutory authority when it promulgated Regulation 346 and that the regulation did not violate the due process clause of the New Mexico Constitution either on its face or as applied to the Plaintiffs. As the United States Supreme Court stated in *Usery v. Turner Elkhorn Mining Co.,* 428 U.S. 1, 18, 96 S.Ct. 2882, 2893–94, 49 L.Ed.2d 752 (1976), "[i]t is enough to say that the Act approaches the problem of cost [cutting] rationally; whether a [better cost-cutting] scheme would have been wiser or more practical under the circumstances is not a [relevant] question." The trial court erred by deciding that Regulation 346 was an invalid retroactive regulation that violated due process, and thus erred by enjoining the HSD from applying and implementing Regulation 346. The judgment and order of the trial court is reversed.

**IT IS SO ORDERED.**

MONTGOMERY, C.J., and RANSOM and FROST, JJ., concur.

FRANCHINI, J., dissents.

FRANCHINI, Justice (dissenting).

I respectfully dissent. The questions before this Court are moot because no budgetary shortfall ever actually existed and Regulation 346 has been superseded by a different regulation. There is no evidence in this record that the projected budgetary "crisis" precipitating the HSD's action will again arise in the foreseeable future and no evidence whatsoever that judicial review would be evaded if a crisis did in fact exist. The case should be dismissed as moot under *Mowrer v. Rusk,* 95 N.M. 48, 51, 618 P.2d 886, 889 (1980).