This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**JOSEPH TORREZ,**

Plaintiff-Appellant,

v. **NO. 33,735**

**TODD GARRISON, in his official capacity as Sheriff of Doña Ana County,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Douglas R. Driggers, District Judge**

Johnson & McElhinney, P.C.
C. J. McElhinney
Las Cruces, NM

for Appellant

Thomas R. Figart
Las Cruces, NM

for Appellee

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

{1}     Plaintiff Joseph Torrez filed this appeal after the district court denied his petition for writ of mandamus to order Defendant Sheriff Todd Garrison to permit inspection of certain records related to a burglary and homicide investigation under the Inspection of Public Records Act (IPRA), NMSA 1978, §§ 14-2-1 to -12 (1947, as amended through 2013). After Plaintiff filed his notice of appeal, Defendant filed a motion to dismiss the appeal on the basis of mootness. We grant Defendant's motion.

**BACKGROUND**

{2}     On January 9, 2014, Defendant denied Plaintiff's January 3, 2014 written request pursuant to IPRA to inspect certain records related to a burglary and homicide investigation. Defendant cited IPRA's law enforcement exception, Section 14-2-1(A)(4), as grounds for denial. Plaintiff subsequently petitioned the district court for a writ of mandamus to compel Defendant's production of the requested records.

{3}     On April 18, 2014, the district court denied Plaintiff's petition for writ of mandamus after conducting an *in camera* inspection of the records. Plaintiff filed a notice of appeal of the district court's order on April 21, 2014.

{4}     On September 4, 2014, while this appeal was pending, Defendant notified Plaintiff that the criminal investigation as it related to Plaintiff had been closed and Defendant would no longer withhold the records pursuant to IPRA's law enforcement

exception. Accordingly, Defendant produced for Plaintiff's inspection the records requested by Plaintiff on January 3, 2014.

**{5}** Defendant then filed his motion to dismiss and a motion to delay briefing on September 30, 2014. This Court held the motion to dismiss in abeyance pending submission of the case to a panel after full briefing on the motion to dismiss and the merits.

**MOOTNESS**

**{6}** Plaintiff does not dispute that Defendant has produced all records responsive to his January 3, 2014 IPRA request. Defendant's production of the records for inspection renders this appeal moot. *See Gunaji v. Macias*, 2001-NMSC-028, ¶ 9, 130 N.M. 734, 31 P.3d 1008 (stating that an appeal is moot when no actual controversy exists and an appellate ruling will not grant any actual relief); *see also State v. Ordunez*, 2012-NMSC-024, ¶ 22, 283 P.3d 282 ("It is not within the province of an appellate court to decide abstract, hypothetical or moot questions in cases wherein no actual relief can be afforded." (alteration, internal quotation marks, and citation omitted)).

**{7}** Plaintiff argues that we should nevertheless decide this case because he may be entitled to potential relief in the form of damages, costs and reasonable attorney fees under Section 14-2-12. *See* § 14-2-12(D). We decline to do so. A person is entitled to

the above relief only if he or she is successful in a court action to enforce IPRA's provisions. *Id.* Here, Plaintiff was not successful. Moreover, because we are dismissing this case as moot, Plaintiff is not a prevailing party for purposes of seeking monetary relief under the statute.

**EXCEPTIONS TO MOOTNESS DOCTRINE**

{8}     This Court has discretion to decide moot cases if the issues involved are "of substantial public interest[] and capable of repetition, yet evading review." *Howell v. Heim*, 1994-NMSC-103, ¶ 7, 118 N.M. 500, 882 P.2d 541 (internal quotation marks and citation omitted). However, we do not believe that this case presents the "requisite degree of public interest" necessary to provide "an authoritative determination for future guidance of public officers" who may apply the provisions of IPRA's law enforcement exception. *Mowrer v. Rusk*, 1980-NMSC-113, ¶ 13, 95 N.M. 48, 618 P.2d 886 (internal quotation marks and citation omitted). The voluminous records—in excess of 1000—that Plaintiff requested and that the district court considered in its *in camera* review are not part of the record proper on appeal. Without the documents, we are unable to determine whether the district court erred in denying any or all of Plaintiff's requests. Consequently, there is no basis for us to decide this matter as an exception to the mootness doctrine. We therefore believe that the record before this Court is not adequate to merit review of this case as an exception to mootness.

**{9}** Moreover, Defendant's denial of Plaintiff's records inspection request is not the type of systemic controversy that is capable of repetition while evading review. Defendant initially denied a records inspection request pursuant to IPRA, but then later produced the records for inspection once he closed his criminal investigation as it related to Plaintiff. Although a similar scenario may be capable of repetition, we are not persuaded that the central issue of this case—the use of IPRA's law enforcement exception to deny inspection requests for criminal investigation records—is so unlikely to recur as to escape future appellate review.

**{10}** Accordingly, we grant Defendant's motion to dismiss this appeal.

**{11}** **IT IS SO ORDERED.**

_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____
**JONATHAN B. SUTIN, Judge**

_____
**LINDA M. VANZI, Judge**

5