This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39714**

**DALE SLEMP,**

  Plaintiff/Appellee-Appellee,

v.

**JEREMIAH MAYER,**

  Defendant/Appellant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANDOVAL COUNTY**
**James A. Noel, District Court Judge**

L. Helen Bennett, Attorney at Law
L. Helen Bennett
Albuquerque, NM

for Appellee

New Mexico Legal Aid, Inc.
Thomas Prettyman
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**BACA, Judge.**

**{1}** Defendant Jeremiah Mayer rented a home in Rio Rancho, New Mexico, from Plaintiff Dale Slemp beginning in January 2012. In August 2020, after Defendant fell behind on his rent, Plaintiff filed a petition by owner for restitution under the Uniform Owner-Resident Relations Act (UORRA), NMSA 1978, §§ 47-8-1 to -52 (1975, as amended through 2007), in Sandoval County Magistrate Court. After the magistrate court issued the requested judgment for restitution, and denied Defendant's request for reconsideration, Defendant appealed to the district court.

**{2}** At the first hearing in the district court, the parties came to an agreement to resolve rent arrearages and to allow Defendant to continue to reside in the home. Following the hearing, the district court reduced the agreement to a written order and noted the magistrate court's judgment was vacated and its writ of execution stayed. Four months later, Plaintiff filed a motion asking the district court to find Defendant in default of the stipulated agreement and to lift the stay on the writ of restitution. Following a hearing on the motion, the district court found that Defendant failed to post bond for his appeal as required by the magistrate court, and failed to comply with the stipulated order concerning repayment of the rent arrearages. Therefore, the district court lifted the stay, dismissed Defendant's appeal, and remanded to the magistrate court for further proceedings.

**{3}** Defendant appeals the district court's order, arguing (1) the district court erred by ordering payments to stay eviction that exceed payments required by statute; (2) the district court erred by dismissing Defendant's appeal for failure to post the appeal bond; (3) the district court lacked subject matter jurisdiction over Plaintiff's request to lift its stay of the magistrate court's writ of restitution because Plaintiff did not serve Defendant proper three-day notice; and (4) the district court erred by prematurely remanding Defendant's case to magistrate court. For the reasons that follow, we affirm.

**DISCUSSION**

**I.     Moot Issues**

**{4}** At the outset, we note that Plaintiff argues that there is no cognizable case or controversy between the parties as Defendant has withdrawn his claim for reinstatement of possession of the premises and has not contested the money judgment related to the rent arrearages. *See Howell v. Heim*, 1994-NMSC-103, ¶ 7, 118 N.M. 500, 882 P.2d 541 ("The doctrine of mootness is a limitation upon jurisdiction or decrees in cases where no actual controversy exists." (alteration, internal quotation marks, and citation omitted)). Consequently, Plaintiff asserts that Defendant is only seeking an advisory opinion from this Court. *See Crutchfield v. N.M. Dep't of Tax'n & Revenue*, 2005-NMCA-022, ¶ 36, 137 N.M. 26, 106 P.3d 1273 ("A reviewing court generally does not decide academic or moot questions."). Rather than arguing against Plaintiff's assertion of mootness, Defendant invites us to exercise our discretion to review his first, second, and fourth arguments. We have long recognized two exceptions to the doctrine of mootness: those cases that present issues of substantial public interest, and cases capable of repetition yet evade review. *See Republican Party of N.M. v. N.M. Tax'n & Revenue Dep't*, 2012-NMSC-026, ¶ 10, 283 P.3d 853; *see also White v. Farris*, 2021-NMCA-014, ¶ 34, 485 P.3d 791 (stating that review based on such exceptions is discretionary). We decline Defendant's invitation because he demonstrates that our appellate courts have been able to address the issues raised without mootness interfering and conclude that all but the issue of subject matter jurisdiction are moot and will not be considered by this Court.

**{5}** We note that Plaintiff's answer brief does not explicitly address Defendant's challenge to whether the district court properly exercised subject matter jurisdiction. Therefore, it is unclear whether Plaintiff is also arguing that challenge is moot. For that reason and because subject matter jurisdiction challenges can be raised at any time, *see Allred v. N.M. Dep't of Transp.*, 2017-NMCA-019, ¶ 20, 388 P.3d 998 ("The issue of subject matter jurisdiction cannot be waived and may be raised at any time, including on appeal to this Court."), we will address Defendant's arguments concerning the district court's exercise of subject matter jurisdiction.

## II. The District Court Properly Exercised Subject Matter Jurisdiction Over Plaintiff's Request to Lift Its Stay of the Magistrate Court's Writ of Restitution

**{6}** Defendant argues that UORRA confers subject matter jurisdiction on the magistrate and district courts only over petitions for restitution filed after an owner first has a right of possession and that a landlord only has a right of possession after proper three-day written notice. Defendant therefore contends that the district court lacked subject matter jurisdiction over Plaintiff's request to lift its stay of the writ of restitution because Plaintiff did not serve Defendant properly. We address questions concerning subject matter jurisdiction de novo. *See id.* To the extent that we must engage in statutory interpretation, we also do so de novo. *See White*, 2021-NMCA-014, ¶ 12 ("We review de novo purely legal questions, including the interpretation of statutes.").

**{7}** Having reviewed Defendant's arguments, we are not persuaded that notice requirements restrict either court's subject matter jurisdiction in the manner that Defendant asserts. Generally, "a court has subject matter jurisdiction over claims that fall within the general scope of authority conferred upon such court by the constitution or statute." *Allred*, 2017-NMCA-019, ¶ 20 (alteration, internal quotation marks, and citation omitted). Defendant's argument ignores the Legislature's express language granting our magistrate courts and district courts subject matter jurisdiction over *either* (1) any person with respect to any conduct in New Mexico governed by UORRA, *or* (2) any claim arising from a transaction subject to UORRA for a dwelling unit located within its jurisdictional bounds. *See* § 47-8-10(A). Here, both the conduct *and* the claims at issue fall squarely within the jurisdictional scope of UORRA. For that reason, the district court could properly exercise subject matter jurisdiction over Plaintiff's claims, including his request that the district court lift its stay of the magistrate court's writ of restitution.

**{8}** UORRA requires that for nonpayment of rent an owner must serve a three-day written notice on a resident before terminating a rental agreement and/or petitioning the district court to lift its stay of the magistrate court's writ of restitution. *See* § 47-8-33(D); § 47-8-47(A); Form 4-901 NMRA. That requirement could be said to be (a) an essential element of a statutory cause of action, (b) a mandatory precondition to the relief sought by Plaintiff, or (c) a condition precedent that must be performed before Plaintiff's right of restitution accrued. *See Green Valley Mobile Home Park v. Mulvaney*, 1996-NMSC-037, ¶ 1 n.1, 121 N.M. 817, 918 P.2d 1317. However, we cannot say that any of those characterizations impede the district court from exercising the general grant of subject

matter jurisdiction over claims and conduct that falls within UORRA's jurisdictional scope. *Cf. id.* (explaining that a failure to include a good-cause statement in the owner's notice to quit under the Mobile Home Park Act, NMSA 1978, §§ 47-10-1 to -23 (1983, as amended through 2007), was not an issue of subject matter jurisdiction). Accordingly, we conclude that the district court properly exercised subject matter jurisdiction here.

**CONCLUSION**

**{9}**     For the reasons stated herein, we affirm.

**{10}   IT IS SO ORDERED.**

**GERALD E. BACA, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**JANE B. YOHALEM, Judge**