Diane OSTERBERG and all Others Similarly Situated, Plaintiffs,

v.

BOARD OF TRUSTEES OF the STATE EMPLOYEES' RETIREMENT SYSTEM, the State Employees' Retirement System, Michael Mory, Joseph Pisano, Doris Clark and Edward Ference, both officially and personally, Defendants.

No. 87 C 3958.

United States District Court, N.D. Illinois, E.D.

April 6, 1989.

Joseph Ettinger and Rick M. Schoenfield, Ettinger, Schoenfield & Katz, Ltd., Chicago, Ill., for plaintiffs.

Moshe Jacobius, Asst. Atty. Gen., and Richard Linden, Sr. Law Clerk, Chicago, Ill., for defendants.

LEINENWEBER, District Judge.

## MEMORANDUM OPINION AND ORDER

LEINENWEBER, District Judge.

This case is before the court on the petition of plaintiff, Diane Osterberg ("Osterberg"), to certify a class, and the motion of defendants, Board of Trustees of the State Employees' Retirement System, the State Employees' Retirement System, Michael Mory, Joseph Pisano, Doris Clark and Edward Ference, to dismiss plaintiff's complaint. For the reasons herein stated, the petition of plaintiff is denied and the motion of defendants is granted.

## FACTS

Plaintiff alleges that while she was an employee of the State of Illinois she had a pregnancy that involved a high risk to the fetus and a consequent risk to her own health (Cmplt., Ct.I, ¶ 11). Upon the advice from her doctor she stopped working and took to bed (Cmplt., Ct.I, ¶ 12). She then applied for disability pay pursuant to Ill. Rev.Stat., ch. 108½, ¶ 14–124 which states, in pertinent part, that State employees are entitled to disability pay if they are "found upon medical examination to be mentally or physically incapacitated to perform the duties of" their positions (Cmplt., Ct.I, ¶ 16(a)). She further alleges that as a member of the American Federation of State Court and Municipal Employees Union ("AFSCME") she was also entitled to disability leave under AFSCME's contract with the State, which provides that pregnancy-related disability shall be treated the same as other disabilities (Cmplt., Ct.I, ¶ 16(b)). She claims that the defendants arbitrarily and irrationally denied her these disability benefits in violation of her rights under the Fourteenth Amendment and 42 U.S.C. § 1983 (Cmplt., Ct.I, ¶ 20).

Osterberg has filed a five-count amended complaint. With respect to Counts III and V she seeks to certify a class consisting of "all female employees of the State of Illinois who were disabled as a result of high risk pregnancies and who were denied some or all of their disability pay since April 29, 1985" (Mtn. to Certify). With respect to Count IV she seeks to certify a class on behalf of "all female employees of the State of Illinois of child bearing years who are or who plan to become pregnant while employed by the State and whose medical history indicates that they will have a high risk pregnancy which will result in their being unable to work during some or all of their pregnancy" (Mtn. to Certify, ¶ 4).

## DISCUSSION

A plaintiff may maintain a suit as a class action only if he can show that: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed.R.Civ.P. 23(a). If the prerequisites of Rule 23(a) are met, the plaintiff must also show that the suit meets one of the requirements of Rule 23(b) as well.

Plaintiff fails to meet the numerosity requirement. In her motion for class certification plaintiff asserts that joinder is impracticable "given the since [sic] a very large number of female State employees who have become or will become pregnant, some of whom will experience high risk pregnancies that necessitate time lost from

work" (Mtn. to Certify, ¶ 5). With the exception of this general claim, plaintiff's only specific allegation of numerosity is that the State Employees Retirement System ("SERS") denied two other claims similar to hers. *Id.* Such conclusory allegations are insufficient to meet the requirements of Rule 23(a)(1). *Valentino v. Howlett,* 528 F.2d 975, 978 (7th Cir.1976). Moreover, while it may be true, as plaintiff asserts, that the State of Illinois employs tens of thousands of women and that many of these are women of child-bearing age, the court cannot, as plaintiff urges, merely take judicial notice of the fact that the number of these women who will suffer a disabling pregnancy is so large as to make joinder impractical. Nor is the court persuaded by the fact that three such cases were discussed at one meeting of SERS to conclude that, as plaintiff urges, there are many such cases. Because plaintiff has failed to establish the numerosity requirement the court need not inquire as to whether any of the other requirements of Rule 23 are met and must deny plaintiff's motion to certify the class.

Plaintiff's first amended complaint attempts to state a claim under 42 U.S.C. § 1983. In order to do so plaintiff must properly allege that a person acting under color of state law deprived her of a right, privilege or immunity secured by the Constitution and laws of the United States. 42 U.S.C.A. § 1983 (West 1981). Here Osterberg has alleged that defendants, in denying disability benefits, deprived her of rights secured by the Fourteenth Amendment. Counts I through IV allege equal protection and substantive due process violations, Count V alleges a violation of procedural due process.

■ In their motion to dismiss and supporting briefs defendants argue that the reasoning the court applied in dismissing Osterberg's original complaint should control in disposing of her equal protection claim. In her original complaint Osterberg claimed that in denying her disability benefits for her pregnancy defendants discriminated against her on the basis of sex, thereby violating the equal protection clause of the Fourteenth Amendment. The court dismissed that claim holding that, under the Supreme Court's decision in *Geduldig v. Aiello,* 417 U.S. 484, 94 S.Ct. 2485, 41 L.Ed.2d 256 (1974), the State's decision not to provide disability benefits was not gender-based and therefore did not violate the equal protection clause (*Osterberg I*).

In her amended complaint Osterberg alleged that defendants *arbitrarily* and *irrationally* denied her benefits, thereby violating her right to both equal protection and due process. In so doing Osterberg argues that she is not attempting to restate the same gender discrimination claim which the court dismissed in *Osterberg I,* emphasizing that "[i]t is the irrational and arbitrary nature of the defendant's decision, not the sex of the plaintiffs or that their health problems involve pregnancy that create the violation" (Response at p. 5). Defendants reply by asserting that under the "law of the case" the court's previous decision in *Osterberg I* controls, requiring dismissal. Furthermore, they argue that the *Geduldig* court "firmly established that the failure to provide insurance or disability coverage to women due to pregnancy does not violate the Fourteenth Amendment" (Reply at p. 3). Defendants read both *Geduldig* and the court's decision in *Osterberg I* too broadly. *Geduldig* and *Osterberg I* address only the issue of whether such a benefit plan violated the equal protection clause of the Fourteenth Amendment, not whether it also violated the due process clause. Thus insofar as Osterberg alleges that defendants denied her procedural and substantive due process, *Geduldig* and *Osterberg I* are not applicable. Insofar as Osterberg attempts to allege an equal protection claim, *Geduldig* and *Osterberg I* control, necessitating dismissal.

■ By the very terms of the Fourteenth Amendment a person attempting to state a due process claim must allege (1) that the state deprived him of life, liberty or property, and (2) that in so doing it did not afford him due process. Defendants argue without explanation that plaintiff has failed to allege that she has been de-

prived of a recognizable liberty or property interest. To have a property interest in a benefit a person must have a legitimate claim of entitlement to it, arising out of an independent source such as a state statute or contract. *See Smith v. Bd. of Ed. of City of Chgo.*, 853 F.2d 517, 520–21 (7th Cir.1988). Here Osterberg asserts that her claim of entitlement is based on Ill.Rev. Stat., ch. 108½, ¶ 14–124, which entitles State employees to disability pay if they are found upon direct examination to be incapacitated, and upon AFSCME's contract with the state, which provides that pregnancy-related disability shall be treated the same as any other disability (Cmplt., Ct.I, ¶ 16). Osterberg has thus properly alleged that the benefits of which she was deprived constituted "property" within the meaning of the due process clause. This conclusion is not, as defendants assert, contrary to the court's previous holding in *Osterberg I.* In that case the court explicity decided that due process was not at issue and consequently never reached the property question.

■ Having determined that Osterberg has successfully alleged that the State deprived her of a property interest, the next step is to determine whether she has properly alleged that the State in so doing failed to afford her due process. At minimum, procedural due process requires that the state must afford an aggrieved party notice and the opportunity to be heard. *Goldberg v. Kelly*, 397 U.S. 254, 267–68, 90 S.Ct. 1011, 1020, 25 L.Ed.2d 287 (1969). In addition, any hearing or other forum which the state convenes on his behalf must be real, not a sham or pretense, and must not be infused with a deliberate and illegitimate bias. *Ciechon v. City of Chgo.*, 686 F.2d 511, 517 (7th Cir.1982). Instead, due process demands impartiality on the part of those who function in judicial or quasi-judicial capacities. *Schweiker v. McClure*, 456 U.S. 188, 195, 102 S.Ct. 1665, 1670, 72 L.Ed.2d 1 (1982). *See also* Martin H. Redish, *Federal Jurisdiction: Tensions in the Allocation of Judicial Power*, p. 46 (1980) (reason that due process requires an independent forum is that "if an institution not independent of the party alleged to have

violated a constitutional right has final authority to determine whether a violation has actually been committed, the right is rendered meaningless.")

Plaintiff's allegation that defendants were biased and predisposed to deny valid claims, Ct.V, ¶¶ 28, 30, is too conclusory to state a procedural due process violation however. Because it is so easy to claim that a decision was prejudicial, and because such claims can precipitate such disruption of government functions, plaintiff must set forth some specific factual allegations indicating bias or prejudgment. *See N.Y. State Inspection v. N.Y. State Pub. Emp. Rel.*, 629 F.Supp. 33, 40 (N.D.N.Y.1984). These allegations must reveal either actual prejudice or some disqualifying pecuniary or constitutional interest. *Id.* Plaintiff's allegations of bias lack this requisite specificity. Thus she has failed to state a procedural due process claim.

■ The substance of a legislative enactment does not comport with due process unless it is rationally related to a legitimate end of government. *Williamson v. Lee Optical Co. of Oklahoma*, 348 U.S. 483, 75 S.Ct. 461, 99 L.Ed. 563 (1954). Osterberg alleges that because defendants' benefit policy arbitrarily and irrationally deprived her of her property interest in disability benefits, she was denied her right to substantive due process. Defendants' policy allegedly (1) denied disability benefits to women disabled by pregnancy while at the same time advising women not to work; and (2) treated "a significant risk of morbidity or mortality to a pregnancy and a pregnant woman differently than other significant health risks that affect men" (Cmplt., Ct. I, ¶ 21).

On a motion to dismiss we must accept as true all well-pleaded factual allegations of the complaint. *Ellsworth v. City of Racine*, 774 F.2d 182, 184 (7th Cir.1985), *cert. denied*, 475 U.S. 1047, 106 S.Ct. 1265, 89 L.Ed.2d 574 (1986). We must accept as true therefore that the defendants espoused and acted upon the aforementioned policy. We need not accept legal conclusions however. *Reichenberger v. Pritch-*

*ard,* 660 F.2d 280, 282 (7th Cir.1981). Thus we need not accept plaintiff's characterization of this policy as arbitrary and irrational. In determining whether this characterization is a proper conclusion of law we note that the policy "need not be in every respect logically consistent with its aims to be constitutional. It is enough that there is an evil at hand for connection and that it might be thought that the particular legislative measure was a rational way to correct it." *Williamson,* 348 U.S. at 488, 75 S.Ct. at 464. Under this deferential standard we cannot say that it is wholly irrational for the legislature to deny benefits for those employees who suffer disabling pregnancies. If, because of its limited resources, the state is unable to provide benefits for all disabled employees, it is not the role of the court to inquire whether it acted wisely in deciding to whom it will provide benefits. *Ferguson v. Skrupa,* 372 U.S. 726, 732, 83 S.Ct. 1028, 1032, 10 L.Ed.2d 93 (1962) (refusing to sit as a "super-legislature" to weigh the wisdom of legislation). Because no set of facts that Osterberg could prove would change this conclusion, she could not obtain relief on her substantive due process claim and therefore it is proper to order dismissal. *Conley v. Gibson,* 355 U.S. 41, 46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). *See also Vaden v. Village of Maywood, Ill.,* 809 F.2d 361 (7th Cir.1987) (affirming order dismissing plaintiff's substantive due process claim on the grounds that ordinance was rationally related to legitimate governmental goal).

## CONCLUSION

For the reasons herein stated, plaintiff's petition for class certification is denied and her first amended complaint is dismissed.

IT IS SO ORDERED.