# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**MELISSA A. WRIGHT,**

Defendant-Appellant,

v.                                                                    **NO. 29,038**

**VANDERBILT MORTGAGE AND FINANCE,**

Plaintiff-Appellee.

**APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY**
**STEVEN L. BELL, District Judge**

Melissa A. Wright
Roswell, NM

Pro Se Appellant

Craddock, Davis & Krause, LLP
Susan P. Crawford
Santa Fe, NM
Michael J. Craddock
Dallas, TX

for Appellee

## MEMORANDUM OPINION

**CASTILLO, Judge.**

Defendant appeals from a final order in a case in which the district court

ordered the foreclosure of Defendant's home and denied her counterclaim against Plaintiff. In this Court's notice of proposed summary disposition, we proposed to affirm. Defendant timely responded with a memorandum in opposition. We have considered Defendant's arguments and, as we are not persuaded by them, we affirm.

**Issues 1 & 5:** The district court entered partial summary judgment on the issue of Plaintiff's right to foreclose Defendant's property, but the court held a trial on the merits on Defendant's counterclaim under the Home Loan Protection Act, NMSA 1978, §§ 58-21A-1 through -14 (2003). Defendant asserts that the district court should not have granted partial summary judgment in favor of Plaintiff on the issue of whether Plaintiff was entitled to foreclose on Defendant's property.

"Summary judgment is appropriate where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law." *Self v. United Parcel Serv., Inc.*, 1998-NMSC-046, ¶ 6, 126 N.M. 396, 970 P.2d 582. The granting of a summary judgment motion involves questions of law that we review de novo. *See id.* On a motion for summary judgment, "[t]he movant need only make a prima facie showing that he is entitled to summary judgment. Upon the movant making a prima facie showing, the burden shifts to the party opposing the motion to demonstrate the existence of specific evidentiary facts which would require trial on the merits." *Roth v. Thompson*, 113 N.M. 331, 334-35, 825 P.2d 1241, 1244-45

(1992) (citation omitted). The specific evidentiary facts must be shown by affidavit or other evidence. *See Los Ranchitos v. Tierra Grande, Inc.*, 116 N.M. 222, 227, 861 P.2d 263, 268 (Ct. App. 1993) ("Once the movant has made a prima facie showing that it is entitled to relief, the nonmoving party must respond by affidavit or other means demonstrating the existence of genuine material factual issues bearing on each of its claims."). Generally, the movant has the burden of demonstrating that no genuine issue of material fact exists regarding affirmative defenses set forth by the non-moving party. *See Mayfield Smithson Enters. v. Com-Quip, Inc.*, 120 N.M. 9, 12, 896 P.2d 1156, 1159 (1995). However, in this case, Defendant's answer did not list any affirmative defenses and only raised counterclaims. [RP 297-308] Because Defendant listed no affirmative defenses, Plaintiff was not required to refute any affirmative defenses. Accordingly, we review only whether the district court properly entered summary judgment on the issue of whether Defendant had defaulted on her loan, such that under the terms of the contract, Plaintiff could accelerate the loan and attempt to collect the remaining balance on the loan by foreclosing on Defendant's property. To the degree that some of the assertions in Defendant's counterclaim could be considered affirmative defenses—as they were based on allegedly fraudulent conduct by Plaintiff that Defendant believed should prevent foreclosure of her property—we conclude that the district court appropriately considered Plaintiff's

3

claim for foreclosure prior to considering Defendant's counterclaims, since this is how the issues were presented by the pleadings. *See Cordova v. Taos Ski Valley, Inc.*, 121 N.M. 258, 263, 910 P.2d 334, 339 ("A party who has contributed, at least in part, to perceived shortcomings in a trial court's ruling should hardly be heard to complain about those shortcomings on appeal.").

In this Court's notice, we proposed to conclude that Plaintiff made a prima facie showing that it was entitled to summary judgment. Plaintiff's motion stated that pursuant to a note and mortgage, Defendant promised to pay a total sum of $164,861.09 plus interest in monthly installments of $1,296.96. [RP 51] Plaintiff indicated that with the amount due to escrow, the total monthly payment was $1,330.86. [RP 84] Plaintiff asserted the note and mortgage provide for acceleration of maturity of the entire debt in the event of any default by Defendant. [RP 51] Plaintiff asserted that Defendant defaulted under the terms of the loan agreement by failing to make an installment payment due on June 1, 2006, and by failing to make any subsequent payments. [RP 51] Plaintiff asserted that it notified Defendant of the default and the consequences if Defendant failed to cure the default. [RP 51] Plaintiff asserted that Defendant failed to cure the default. [RP 51-52] Plaintiff supported these assertions with the note for $164,861.09 [RP 60]; the mortgage on the Santa Fe property that secured the note [RP 64]; the assignment of a mortgage lien on the

4

Roswell property that secured the note [RP 72]; evidence that Plaintiff defaulted on the loan [RP 85]; evidence that Plaintiff provided Defendant with notice of her default [RP 76], among other documents; and an affidavit by C. Allen Pruitt, a legal affairs representative of Plaintiff, who authenticated the submitted documents [RP 56–59]. As we proposed to hold that this evidence was sufficient to make a prima facie case that Plaintiff was entitled to summary judgment, we noted that the burden therefore shifted to Defendant to point out specific disputed material facts that required a trial on the merits on this issue. *See Roth*, 113 N.M. at 334-35, 825 P.2d at 1244-45.

Defendant's memorandum in opposition asserts that Defendant raised a triable issue of fact when she presented evidence to the district court that she made a June 2006 payment of $1,300.00, which Defendant asserts constituted a full payment. [MIO 1, 6]  However, even if we were to conclude that Defendant made a full payment in June 2006, this would not change our conclusion that summary judgment was appropriate. As we stated in our notice of proposed summary disposition, Defendant's alleged failure to make the full June 2006 payment was not the only basis for the default, since Plaintiff provided evidence in the form of an affidavit that Defendant had failed to make *any* payments after June 2006 [RP 57 (¶ 4)], so Defendant would have been in default based on the subsequent payments even if she had made the June 2006 payment in full.  Therefore, where Defendant did not provide any evidence to

call into question the Plaintiff's evidence that Defendant made no payments after June 2006, we hold that even if she made the June 2006 payment in full, this fact would not be material to the question of whether she had defaulted on the loan by failing to make any subsequent payments.

Defendant also claims that Plaintiff never provided evidence or documentation to support the increase in Defendant's monthly payments to $ 1,330. 86. [MIO 2, 5-6, 7; RP 140 (¶ 33)] However, as we indicated in our notice, Defendant's own evidence indicated that she had made payments of $1,330.86 in the months prior to June 2006, suggesting that she was aware of the correct payment amount. [RP 148] Furthermore, even if Defendant was correct that Plaintiff should not have charged her the increased payment, she does not provide any authority to suggest that this fact would somehow relieve her of her contractual obligation to pay $1,296.96. Where it is undisputed that Defendant did not make any payments after June 2006, we hold that any questions of fact related to the increase in Defendant's monthly payment were not material.

Defendant asserts that the fact that she introduced evidence that her principal balance increased in 2002 was also material to the foreclosure action. [MIO 7] The fact that the principal balance increased was not disputed by the parties. Instead, it was the reason for the increase that was disputed: Plaintiff asserted that the balance was readjusted upward to make up for a mistake that had occurred years earlier when

the 100,000 digit was dropped as a result of a computer error [RP 228], while Defendant argued that this increase suggested that the original loan was for less than the $164,861.09 and was somehow invalid because it had been divided into two loans [RP 145]. However, Defendant never provided any evidence that would raise a reasonable doubt as to whether the initial loan was for less than the original amount or that it was divided in two, since she never provided any evidence that she did not sign the original note for $164,861.09 or that this amount was not the amount she borrowed. *See Matrix Prod. Co. v. Ricks Exploration, Inc.*, 2004-NMCA-135, ¶ 9, 136 N.M. 593, 102 P.3d 1285 ("Summary judgment is proper where there is no evidence raising a reasonable doubt that a genuine issue of material fact exists."). Furthermore, as we indicated in our notice, Defendant's claim that Plaintiff failed to explain why her principal balance jumped by $99,855.37 is not immediately relevant to the question of whether she defaulted on the loan, since the loan document itself makes clear that Defendant owed payments of $1,296.96 until the loan was paid in full, and Defendant did not contend that she had paid the loan in full.

Defendant also asserts that she presented evidence that raised issues of material fact as to whether Plaintiff forged Defendant's signature on a document relating to her mobile home, whether her mobile home was ever properly recorded as being attached to the Santa Fe property, and whether, when it was still in Santa Fe, the mobile home

was recorded as belonging to Defendant. [MIO 8] However, Defendant has not provided this Court with any legal authority that would suggest that these claimed defects with regard to documents relating to the mobile home would somehow be material to the question of her obligation to repay in accordance with the terms of the note, the $164,861.09 she borrowed, or to the question of whether Plaintiff was entitled to foreclose her Chaves County property as a result of nonpayment. *See In re Adoption of Doe*, 100 N.M. 764, 765, 676 P.2d 1329, 1330 (1984) (providing that when a party fails to cite any legal authority to support an argument, we will presume that no such authority exists). Therefore, we conclude that these questions of fact were not material and did not preclude summary judgment on Plaintiff's foreclosure action.

We note that by holding a trial on the merits of Defendant's counterclaim, the district court did not in fact grant summary judgment as to Defendant's arguments regarding Plaintiff's alleged wrongful conduct and the effect such conduct should have on the foreclosure action. After the trial on the merits, the district court made findings of fact that Plaintiff took the note and original mortgage "for value, in good faith, and without notice of irregularities or defenses," that Defendant did not prove that Plaintiff engaged in subterfuge, that Plaintiff did not forge Defendant's signature on an application for title, and that Defendant's testimony about the forgery was not

credible. [RP 759 (¶ 7), 761 (¶¶ 21-22), 762 (¶ 23)] Therefore, to the degree that Defendant claims that there were issues of fact that could only be resolved at trial regarding Defendant's claims that Plaintiff engaged in fraud, the district court did not resolve those issues on summary judgment and instead held a trial on the merits in order to resolve them.

**Issues 3, 4, 6, 8, 11, 12, 13, 14, 15, 16, 17, 18, 19:** Defendant raises a number of issues challenging the sufficiency of the evidence to support the judgment in favor of Plaintiff on Defendant's counterclaim. The sole issue at the trial on the merits was whether Plaintiff's allegedly fraudulent conduct violated the Home Loan Protection Act. [RP 758 (¶ 2 indicating that Defendant's counterclaims were based solely on a violation of the Home Loan Protection Act and the Unfair Practices Act)] In our notice of proposed summary disposition, we noted that as the Act was not enacted until 2003 and Defendant's loan was initiated in 1998, the Act likely did not apply to this case. *See Howell v. Heim*, 118 N.M. 500, 506, 882 P.2d 541, 547 (1994) (explaining that "New Mexico law presumes that statutes and rules apply prospectively absent a clear intention to the contrary"). Defendant has not responded with any authority that would suggest that this conclusion was erroneous. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party

9

opposing the proposed disposition to clearly point out errors in fact or law.").
Accordingly, we affirm the district court's determination that Defendant could not
bring a counterclaim pursuant to the Act.

Furthermore, even if the Act applied, the district court correctly determined that
Defendant could not bring a claim under the Act. The Act provides for either a three-
or six-year statute of limitations depending on the type of loan at issue, that begins to
run from the time of the closing of the loan. *See* § 58-21A-11(B)(1) & (3). As
Defendant's loan closed in 1998, these time limits had passed. However, the Act also
provides that a homeowner can assert

> at any time during the term of a high-cost home loan, any defense, claim
> or counterclaim, or action to enjoin foreclosure or to preserve or obtain
> possession of the dwelling that secures the loan, including but not limited
> to a violation of the Home Loan Protection Act, after an action to collect
> on the home loan or foreclose on the collateral securing the home loan
> has been initiated or the debt arising from the home loan has been
> accelerated or the home loan has become sixty days in default[.]

Section 58-21A-11(B)(2). Therefore, Defendant's counterclaims against Plaintiff as
the purchaser of Defendant's loan could only be brought if the loan qualified as a
"high-cost home loan" under the Act.

In our notice, we proposed to hold that the district court did not err in
determining that the loan was not a high-cost home loan. The Act defines such a loan
as "a home loan in which: (1) the contract rate exceeds the rates threshold; or (2) the

10

total points and fees exceed the total points and fees threshold." Section 58-21A-3(H). At trial, Defendant did not contend that the contract rate exceeded the rate threshold rate and argued only that the total points and fees exceeded the total points and fees threshold. [RP 716] Under the Act, for a home loan over $20,000, the "total points and fees threshold" is "an amount equal to five percent of the total principal loan amount." Section 58-21A-3(N)(1).

Defendant conceded at trial that the loan amount was $164,861.09 and that five percent of this amount was $8,243.05. [RP 716] Defendant also argued—and continues to argue in her memorandum in opposition—that there were problems with the documents that called into question the correct amount of the loan. [RP 716-17; MIO 10-11] However, Defendant did not actually introduce any evidence that would establish the amount of the loan as anything other than $164,861.09. The note itself was for $164,861.09 [RP 7], and the district court found that this was the amount of the loan [RP 760 (¶ 14)]. To the degree that Defendant raised questions at trial about the actual amount of the loan, the district court was entitled to resolve any conflicts in the evidence, and this Court will not reweigh the evidence on appeal. *See Las Cruces Prof'l Fire Fighters v. City of Las Cruces*, 1997-NMCA-044, ¶ 12, 123 N.M. 329, 940 P.2d 177.

The district court found that the closing costs in this case totaled $7,175.57 [RP

11

761], and this finding was supported by substantial evidence in the form of an exhibit introduced at trial [RP 712]. Although the district court concluded that the amount of the "points and fees" as defined in the statute was actually even lower than this [RP 761 (¶ 19)], we need not review this legal conclusion since even the $7,175.57 figure is less than the five percent that would make the loan a "high-cost home loan." Therefore, we hold that the district court did not err in entering judgment against Defendant on her counterclaim. While we recognize that Defendant disagrees with the district court's factual findings, this Court will not disturb on appeal findings that are supported by substantial evidence. *See Rendleman v. Heinley*, 2007-NMCA-009, ¶ 9, 140 N.M. 912, 149 P.3d 1009 ("Findings of fact supported by substantial evidence will not be disturbed on appeal.").

**Issue 7:** Defendant contends that the district court erred when it denied Defendant's motion to compel Plaintiff to respond to her second set of discovery requests and granted Plaintiff's motion for a protective order. [DS 7] We review a district court's discovery orders for an abuse of discretion. *See Estate of Romero ex rel. Romero v. City of Santa Fe*, 2006-NMSC-028, ¶ 6, 139 N.M. 671, 137 P.3d 611. Under Rule 1-026(B)(2)(a) NMRA, the district court could limit discovery if it determined that "the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less

expensive." Where the requested information is not relevant to the claims, a district court does not abuse its discretion in denying discovery. *See Reaves v. Bergsrud*, 1999-NMCA-075, ¶ 23, 127 N.M. 446, 982 P.2d 497. And "where it appears that the party requesting discovery has already been granted sufficient information, discovery may properly be denied or limited." *Id.* ¶ 14 (internal quotation marks and citation omitted).

In this Court's notice, we proposed to conclude that even if the district court abused its discretion in limiting discovery, Defendant was not prejudiced by the ruling. *See* Rule 1-061 NMRA ("No error or defect in any ruling or order . . . is ground for granting a new trial or for setting aside a verdict or for vacating, modifying or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice."). We stated that it appeared that Defendant had all evidence relevant to the foreclosure proceeding and that Defendant was not prejudiced by any failure of the district court to permit discovery in support of Defendant's claim that Plaintiff violated the Home Loan Protection Act because, ultimately, the district court properly concluded that Defendant could not bring a claim under the Act.

In Defendant's memorandum in opposition, she asserts that her discovery requests sought "new evidence that would have proven that Plaintiff[ ] had knowledge

of Defendant[']s note being fraudulent and not recorded in Santa Fe County since the inception in 1998, [D]efendant[']s mobile home never being associated with the property, her ownership of either not recorded, documentation in Santa Fe County proving that [the] property was always recorded as vacant land, and documentation of [D]efendant[']s mobile home being owned by Vista Del Mundo Corp." [MIO 9] However, these issues related to Defendant's counterclaim under the Home Loan Protection Act and, as we have already discussed, the district court appropriately ruled that Defendant could not bring a counterclaim under the Act. Accordingly, even if the district court erred in limiting discovery on this issue, Defendant was not prejudiced.

**Issues 9 &10:** In our notice, we stated that in these two issues Defendant states alleged facts but does not make any legal claim regarding those facts. We therefore proposed to hold that these issues do not provide a basis for reversal. Defendant has not made any arguments regarding these issues in her memorandum in opposition. We therefore hold that they do not warrant reversal.

Accordingly, for the reasons stated in this opinion and in our notice of proposed summary disposition, we affirm.

**IT IS SO ORDERED.**

_____
**CELIA FOY CASTILLO, Judge**

14

**WE CONCUR:**

_____
**MICHAEL E. VIGIL, Judge**

_____
**TIMOTHY L. GARCIA, Judge**